■ GORDON LEONARD, Respondent, v LYNFORD ORGANIZATION, INC., et al., Appellants, et al., Defendant.—Appeal from an order of the Supreme Court at Special Term, entered December 6, 1978 in Sullivan County, which denied defendants' motion to vacate and set aside a default judgment. On August 10, 1973, plaintiff contracted to sell to defendant, Lynford Organization, Inc. (Lynford), a tract of land in Forestburg, New York. One quarter of the tract was located west of the Neversink River. After a modification of their original contract, Lynford executed a purchase-money mortgage to the plaintiff. However, that portion of the property west of the Neversink River was expressly excluded from the mortgage lien. Defendant Lynford deeded the entire tract to defendant Forestburg Sullivan Company subject to the mortgage. Franklyn Lynford, president of the Lynford Organization, Inc., is a partner of the Forestburg Sullivan Company. In October, 1976, refinancing negotiations commenced between plaintiff and defendants concerning the purchase-money mortgage. At that time, and apparently for that reason, defendants ceased payments on the mortgage. As a result, plaintiff commenced an action to reform the mortgage to include the land west of the Neversink River as security for the mortgage, and to

foreclose upon the reformed mortgage. Plaintiff alleged proper service of process. Defendant defaulted and a judgment of foreclosure was entered under the reformed mortgage. Special Term found that service of process was made upon defendants, that the default was not excusable, and, accordingly, denied defendants' motion to vacate the default judgment. This appeal ensued. Defendants contend that service of process was never made and consequently seek to vacate the judgment and dismiss the underlying action pursuant to CPLR 5015 (subd [a], par 4). Although there was some conflicting evidence as to whether service of process was effectuated, upon examination of the credible evidence we agree with the trial court that valid service was made and jurisdiction obtained (cf. *Shipman v Words of Power Missionary Enterprises*, 54 AD2d 1052). Defendants further contend that even if jurisdiction should be found to exist, the default judgment should be opened and they should be permitted to defend on the merits since the default was excusable within the meaning of CPLR 5015 (subd [a], par 1). We agree. Defendants have demonstrated that they can establish an excusable default. A party may be relieved of a default by asserting facts constituting a meritorious defense, a valid excuse for the default and the absence of willfulness *(Bishop v Galasso,* 67 AD2d 753). Defendants have a meritorious defense to plaintiff's action for reformation of the purchase-money mortgage since the mortgage instrument itself explicitly and unambiguously excludes the property west of the Neversink River from the mortgage. Whether the mortgage was validly reformed and, therefore, the proper subject of foreclosure is an issue of fact which should be determined on its merits at trial. Accordingly, defendants are entitled to have the default judgment entered against them vacated and to defend the action on the merits. Order reversed, on the law and the facts, without costs; motion to vacate default judgment granted with defendants directed to serve their answer within 30 days after service of the order entered hereon. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.